Next case is Dearchibold v. United States. Mr. Goodman.  The thousand-pound gorilla in the room is this. The government would deny a forum to private parties supporting our armed forces whose existence, rights, claims, and remedies against the United States were specifically recognized in agreement between the United States and a foreign country in which those armed forces were stationed. This would make such agreements meaningless because unenforceable. Not only does the government not address this underlying issue, it ignores several substantive, specific arguments for taking jurisdiction. Let me address section 1346 first. Under section 1346, the district court had jurisdiction over contract claims against APHIS. We have pled, expressed contract claims under the agreement and implementation of the treaty. That position has been— Counsel, there's no contract though, right? No written contract, correct? Yes, there is. There's an agreement between Panama and the United States which specifically recognizes employees of the armed forces as parties who have rights, rights to damages, claims, and remedies. You're talking about the implementation agreement. I am. And the treaty doesn't address this specific issue. The implementation agreement does. And you would like us to hold that the implementation agreement is a contract. It is an agreement to which the class of plaintiffs here, 700 or more, are expressed beneficiaries as a matter of third-party beneficiary law. But the lower court in this case held it wasn't a contract, correct? No, the lower court made in separate footnotes alternative holdings. And the way this has gotten treated as something different than it is, because the treaty, again, does not address this specific issue, is because for purposes of applying Section 1502, there is some law, a court of claims law, that international agreements are to be treated as treaties for purposes of Section 1502. That's a deemed treatment of them as treaties. Plaintiffs' pleadings here assert an express contract claim based on the agreement and implementation. The agreement and implementation is not the treaty. The treaty didn't address it. We wouldn't be here unless the agreement and implementation was signed. It was obviously signed and included the rights it did, addressing the specific subject of claims involving the presence of the United States Armed Forces in Panama. So if I understand your argument, I just want to make sure I have it. In order for us to find jurisdiction under 1346 in the district courts, we have to first conclude that the implementation agreement is, in fact, a contract. Well, it is an agreement. By law, it's a contract. It's separate from the treaty. It addresses a different subject from the subjects of the treaty, and it recognizes the category of individuals who are employees of the Armed Forces. It recognizes rights to damages, recognizes their right to assert claims, and recognizes their remedies. So it is an agreement that, among others, who it recognizes have rights, claims, and remedies are the employees of the Armed Forces. But the answer to Judge Moore's question, I guess, your position is the answer is yes. Yes, it is. It has to be a contract. That's the only way you get before the district court. Under Section 1346, which recognizes express contract claims and contract claims implied in fact against APHIS specifically. So if we conclude that this is not a contract, as that term is used in 1346, 1346, no other provision of 1346 is available to you. Your Honor, there were assertions of Yes or no. That's really No, the answer is I want to try to see what the scope of our review here is. The issues on appeal relate to the contract claims. Your Honor, there were separate theories under Section 1346 which have not been the subject of the appeal. So strictly speaking, no. But for purposes of appeal, yes. Even if this were a contract, would the employees be in privity? The employees are express beneficiaries of the agreement and implementation. Third party beneficiaries of some kind? No. Your Honor. But we have pretty strict rules here about who gets to bring claims, people who are actual parties to contracts. They're employees. Not beneficiaries of contracts. Your Honor, the third party beneficiary issue was briefed before the Court of Claims, and I think it was briefed minimally in a first motion to dismiss was the district court denied, which did not raise these jurisdictional issues. But the answer, my best answer is that you have expressed contract beneficiaries here. Employees of the armed forces are specifically recognized, given specific rights, in particular, the compensation under principles of Panamanian labor law. Okay. Well, setting aside the privity question for a minute, the contract is in Panama, right? How do we get it here to the United States? The contract is part of the— Doesn't that require the treaty? No. The contract is an international agreement. That's a category of agreements recognized, treated in other cases that are discussed in the briefs as giving rights to private parties, both vis-à-vis the government and vis-à-vis the United States. Why don't we treat that, well, as it is treated generally, as a treaty? Your Honor, it's treated as a treaty for purposes of Section 1502. That's where we're going, yes. Yes, and I do not think that it is fair to say that it is always treated as a treaty, that there is never any distinction made between international agreements and treaties. I have cited cases. Why, given that we're applying 1502 here, why isn't this a treaty under 1502 in your mind? Well, because, Your Honor, there were arguments before the Court of Claims addressing the substantive issue of the coverage of Section 1502 because it clearly applied to the Court of Claims. And as I recall, the arguments were that this growing out of dependent is not an all-embracing definition. It doesn't admit of any case in which something does not deem to grow out of or dependent upon a treaty. As I said here, the treaty itself doesn't address this specific issue. So I believe I argued in the Court of Claims that it doesn't grow out of or it is not dependent upon the treaty because it's not the subject of the treaty's substantive provisions. Secondly, of course, Section 1502 didn't even apply here. It doesn't apply by its terms. The plain meaning of referring in a separate section of the judicial code to the Court of Claims as being subject to 1502 but not district courts, it means just what it says. I did not add, going back to my law school days, the expressio unius maxim of construction, which means, of course, the mention of one excludes the possibility of another. You mentioned earlier, excuse me just a second if I could, you mentioned an argument you made in the Court of Claims. You've been in the district court the whole time, haven't you? No, we have not, Your Honor. We were transferred to the district court because You got transferred to the district court from the court? Right, because of a construction of Section 1502 that, number one, treated the original treaty, which wasn't necessary, and number two, said this was growing out of or dependent upon and it's not. So this was because of the 1502 problem? Yes. So we have the plain meaning, we have the Latin maxim. Okay, counsel, let me ask you a question about 1502 because clearly it says Court of Federal Claims and it doesn't say district courts, but here's the thing. I checked back and went through the chronology here and my discovery of the chronology was that the Court of Federal Claims was created with jurisdiction over all of this initially, let's see, in 1855, over all claims against the government. Then in 1863, 1502 was enacted, its predecessor, which said Court of Federal Claims doesn't have jurisdiction over this piece of the pie with regard to treaties. Right. Then in 1887, the Tucker Act comes along and divides between the Court of Federal Claims in 1491 and 1346 in the district court, and it says district courts, you get concurrent what the Court of Federal Claims has, but for lesser amounts. Well, 1502 came first, so at the time Congress enacted, 1346 and 1491, the Tucker Act, they had already exempted from the Court of Federal Claims the 1502 matters, so why shouldn't we interpret them as having known what the jurisdiction was and saying it still applies? Because the notion of concurrent jurisdiction has become an absolute chivalrous. You compare the Court of Claims jurisdiction and all its limitations and restraints with the district court jurisdiction, they are not concurrent. They are concurrent in specific respects. They both apply to contract claims against APHIS, for example. But didn't the Warren Corp decision of the Second Circuit in 1938 go through exactly what Judge Moore just went through and reach the same conclusion? Yeah, based on the simple argument, which is not enough to get you there, that the enactment of the Little Tucker Act did not repeal Section 1502. Section 1502 has always applied to the Court of Claims. Well, why wouldn't we follow the Warren case out of the Second Circuit? Because the reasoning doesn't get you all the way there, the repeal reasoning, because it ignores the plain meaning of the statute, because it ignores the lack of concurrency of the statutes of the jurisdiction as a whole. It ignores, obviously, the structure of Title 28, which doesn't support it. It ignores the fact that district courts, in being given treaty jurisdiction under Section 1331, there's no issue of comity for the district courts that corresponds precisely to the considerations of comity, which led to the enactment of Section 1502 for the Court of Claims. If we start interpreting statutes which apply to one thing to apply to something they don't apply to, that is very problematic as a jurisprudential matter. And this Court should be as hesitant as other courts in applying the plain meaning and exclusio unius maxims of construction to start playing around with words like that. You want to save your rebuttal time? I do. And I'll address the Section 1331 issue on rebuttal if my court wishes. Thank you very much. Thank you. Mr. McElnay? Thank you, Your Honor. I have a problem with counsel only raising 1331 on rebuttal to the extent that he goes beyond what was said in his principle brief. I'll take care of that. Well, on page 14 of the appendix, the district court adopted the finding that the implementation agreement was a treaty rather than a contract. And it said on page 14 in the text that the claims in this case arise out of the treaty obligation. So there isn't anything other than the implementation agreement that plaintiffs are relying upon. And it's not a contract as to them, to the extent that it's an agreement. So it's a contract. It's one between the United States and Panama. That's reflected, as the Court of Claims pointed out, on the face of the agreement itself on page 32 of the appendix. So there is nothing but the implementation agreement that they're relying upon. That's not something that they can rely upon under 1346A2 because it's not a contract. And because the district court has, as this court has pointed out in Zummerling, relying upon the Supreme Court's opinion in Sherwood, only the jurisdiction that the Court of Federal Claims has when the district court sits as a Little-Tucker Act court. And that makes perfect sense because Congress can't reasonably have been understood to intend that a district court be able to interpret treaties as part of a claims case. Well, we do have a statute that mentions expressly the Court of Federal Claims, but not the district courts. Right. And there are two ways to look at that. One is that the prohibition set forth on the Court of Federal Claims in 1502 is nothing more than the prohibition on treaty claims that was imposed back in 1863 that Judge Moore referred to. Are you troubled at all by the fact that leaves no remedy in cases like this? No. It's not a concern that a claim not have a form. And in this case, these claims did have forms. And those four are set forth on page 52 of the appendix. Those were the appropriate authorities that are referred to. Yes, it's page 52. The contract claims were to be presented to the United States authorities through the appropriate channels. Now, when the drafters of those articles were talking about authorities, they knew when they wanted claims to be brought to a court because we know that from Article VI on the very same page. And that shows that that section, Article 20, Section 6, refers to claims going to a Canadian court. So the drafters of the treaty didn't want these. Do we have any authority other than the 1938 Second Circuit case? The George Warren case? Yes. No. No one else has brought this up. I'm a little unclear about the role of 1502 in this case. Is this essentially a belt and suspenders type statute? Because if it's true that 1346 excludes treaties because they aren't contracts, then what's the need for 1502? It sounds like it might be. What's your position as to that? Is it your position that it's really entirely redundant or that there's some room in this spectrum of cases that might arise for saying that something that would be within 1346 would be excluded from the Court of Federal Claims at least only because of 1502? Or 1491 would be excluded only because of 1502. Where would 1502 be the only vehicle for excluding something from the Court of Federal Claims or arguably the district court? I don't think it would be because it looks to me like 1502 was an effort to make sure everybody understood that after all the chronology that Judge Moore pointed out. Counsel, is it the belt and suspenders or could it be the 1502? Obviously, this is not the facts of this case as you claim the facts to be. But could it be that 1502 applies to potentially contracts that arise from treaties? Generally, 1346 covers contracts, right? Well, could a contract be a claim against the United States growing out of or dependent upon a treaty with a foreign nation? Could there be such a thing, even if the implementation agreement in your idea is not one, that would therefore fall under the exception of 1502 but might, if 1502 didn't exist, the court might have had jurisdiction under 1346? It could be. It could be an effort to preclude the Court of Federal Claims from hearing a hearing case that is contract-based but only growing up. Its life only comes out of a treaty. But the 1502 prohibition isn't exactly the same. It's not the same verbatim language from the 1863 Act. And the Supreme Court, in the extension case that the George Warren Court relied upon, made a point of saying that nothing in the 1887 Tucker Act repealed anything inconsistent prior. So the prior prohibition upon hearing treaty-derived claims existed before the Tucker Act. And so it is the belt and suspenders. The belt is the 1863 Act, and the suspenders is the 1502 Act. That's a different set of belts and suspenders from the ones I was talking about and one that I find a little harder to follow. I have to say that, and normally the government's the one standing up and saying you really have to read statutes according to their language, and Congress knows perfectly well how to add district courts to the United States Court of Federal Claims. So you're asking us to do some significant rewriting, I think, of 1502. Now maybe historically there's a basis for that, and you can say that the rewriting is justified, but it is a pretty dramatic extension of the verbal formulation in 1502. And it wouldn't even be necessary for the court to go that far. Your theory is we don't have to get to that, I take it, because this isn't a contract end of case. Right? I'm sorry. This isn't a contract, therefore, end of case. You don't have to reach the question of whether the 1502 reaches district courts. Yes. Well, they haven't relied upon the last language, the unliquidated and liquidated damages language in 1346A2. So yes, because they're not relying upon that language, there is nothing else that they could rely upon in 1346A2 to get to the district court. It's just not a contract, it's not an act of Congress, because act of Congress doesn't mean a treaty. You can look to 28 U.S.C. 1353 for that, and it's not a regulation of an executive department. So because they've not relied upon the liquidated or unliquidated damages language, that might be different than a contract or act of Congress or a regulation, and therefore they could only be relying upon contract or the preceding three categories of law, then the answer is yes, because this is not a contract between them and the United States. 1346A2 doesn't apply in any case, and therefore one doesn't have to get to 1502 or the prohibition. Now I'm a little confused about what you said about the liquidated and unliquidated damages clause, because in 1346 that refers, I think, to the Contract Disputes Act, so that it's limited. We're not talking about all claims for liquidated or unliquidated damages, but rather claims for liquidated or unliquidated damages. Oh, I see. You're talking about the first reference to liquidated or unliquidated damages in the statute, right? Yes. There are two different ones. One is to the Contract Disputes Act, but you're referring to the first one. I'm referring to the conjunctive clause right after the express or implied contract with the United States, because I've seen there is some authority that suggests that that liquidated or unliquidated damages is not necessarily a reference to something that precedes all that. So there might be some type of claim out there. Legal exaction is one. I see. Now I understand what you're saying. I'm sorry. But they never brought that up. So if they can't put themselves in one of the other pigeonholes, and they can't because this isn't a contract, an act of counter-regulation. Now how are we going to square 1502 with the second paragraph of 1346 that expressly mentions the exchanges? Well, if they weren't relying upon a treaty and someone, say a roofer, had a contract with the NAFIS, they could come in and present that contract. Or if they didn't have a contract and the Court of Federal Claims decision in Taylor says this, they could point to a statute that mandates the payment of money to them and operates as a waiver of sovereign immunity. So it's not the case that the only way that somebody can get to the District Court or the Court of Federal Claims with a claim against the NAFIS is through a treaty. It could be through either a contract or a statute. But they don't point to any statute here. And they don't have a contract with the United States. And they haven't pointed to a waiver of sovereign immunity that would bring them within 1331. Some of this we've already covered. And if we find no waiver of sovereign immunity, your position is we don't have to reach the issue of self-executing, whether this is a self-executing treaty? Yes. And there is, to the extent that self-executing in the context of a claim against the United States means it requires a waiver of sovereign immunity, then the answer to both questions is answered at the same time. That's what I was trying to figure out. Is it one question or is it two different questions? It's one question when the claim is against the United States because nothing can be self-executing in the case against the United States without a waiver of sovereign immunity. And that's what Canadian transport teaches. In private, in cases between private parties, it might have a different connotation. But because they don't have a contract with the United States, they can't rely upon Article 20, Paragraph 11 for a waiver of sovereign immunity because that only applies to contract claims. Then the only other one they allude to is the Article 20, Section 8, which is a non-contractual claim. But that talks about claims that are presented through the joint committee, which is earlier defined in the definitions part of the implementation agreement. There's no evidence anywhere here that this claim first went through a joint committee, so this is not the kind of claim that under any interpretation of Section 8 would apply to this case. So as I pointed out, when the drafters wanted a claim to go to a court, they showed that they knew how to say that in Section 6, so there's a reasonable reading of the agreement as a whole, is that where there is no reference to courts, there is no intent that a claim be brought to a court. Just as a theoretical matter, not presented here, you're suggesting self-executing vis-à-vis the claims against the United States and waiver of sovereign immunity are coterminous. You could, I suppose, could not have a waiver of sovereign immunity with respect to tribunals other than courts so that you would say, well, this is self-executing and in order to execute your rights under the treaty, you must go to the following claims tribunal, which is a special claims tribunal that's set up administratively, but you can't go to court. That wouldn't be a waiver of sovereign immunity that would give you full access to U.S. courts, I take it, but it would be a form of waiver of sovereign immunity. Congress could put it at whatever limits it wanted, say up to $50,000 for a claim. That would still be a self-executing treaty, wouldn't it? Yes, in a sense, yes. But there wouldn't be a full waiver in the sense that you have an open door to the district courts or the court of federal claims depending on 1346 or 1491 or 1331. Right, when I've used waiver of sovereign immunity, I mean waiver of sovereign immunity to sue. Because, in fact, exactly what Judge Bryson just said is what your position I would think would be with regard to these contractual claims in this article in the provision that contractual claims can be brought to the appropriate United States authorities or appropriate channels. Yes. So that is clearly self-executing and there is some sort of cause of action, not in the formal legal sense, but it just isn't in your position through the court. Yes. Okay. And for these reasons, the court should affirm. Well, just to be clear on that, and Judge Moore's question makes the exact point that I was struggling to get to. Would you then call this a self-executing treaty or not? I don't really know. I've never really... I've messed around with treaties a bit and I've never really understood precisely how that term is used, and I suspect it's in part because it gets used to mean different things in different contexts. Is this...  in saying that this treaty appears to have a remedy and therefore a remedy which could be enforced by individuals, does that make it self-executing if the remedy is channeled to an administrative body of some sort? Yes, but my caveat is the context, and if the context is go to appropriate authorities, perhaps in Panama, then nothing more is needed. But if it's go to court, a lot more is needed. Okay. We don't have that here. Thank you. Thank you, Mr. McElmay. Mr. Goodman, you have four and a half minutes left. The Court is having problems with this case because it's sui generis. On the 1331, my point is there is no case that involves such specification of rights, damages, claims, and remedies as this international agreement. I would like the opportunity because this canard of contract versus treaty has emerged really only late that if the Court wishes, I'd be able to reiterate the instances in which international agreements have been treated differently from treaties for both Section 1502 purposes or any other purposes. There are also prior motions to dismiss, as I indicated, which I believe, frankly, subject to check, are inconsistent with this notion that it's not a contract. I believe there were arguments that sounded in that we don't satisfy the elements of a contract that were made in the District Court as well as the Court of Claims, so the government is taking an inconsistent position. The lack of being troubled by a remedy, Your Honor, I heard yesterday about the prospect of Iraqi employees for our armed forces being on the tops of buildings trying to get on helicopters. The government should be extremely troubled by this. In Section 1331, authorities, channels. This Court, the Court of Claims, the District Courts, are United States authorities. Through appropriate channels, these are appropriate. There is, and if the Court will allow me, not in the record, there were efforts to present this issue to APHIS in Panama that were completely ignored for years. And these became right when most of these employees were terminated by APHIS at the end of the treaty period. And then the severance pay under Panamanian law came into force  That's why we're not outside the statute of limitations. This case was filed within the period of time after the close of the treaty period that was permitted. So this is a sui generis case under Section 1331. No other case that either party has cited comes close to being a self-executing international agreement. Again, the international agreement here recognized these rights, claims, etc., not the treaty.  which went so far as the Court has noted in dealing with the prospect of particular authorities and particular channels. The Gordian Knot that you raised has been addressed in the Taylor case. The Taylor case involved, which they cite, but which frankly addresses your issue. 1346, 1491 does not address claims under the FLSA specifically against APHIS. They were permitted because it was a separate waiver of sovereign immunity. It was essentially implying into 1491 a right to pursue statutory claims against APHIS, but there was a requirement in that case because statutes are not mentioned in 1491 that there be a specific waiver of sovereign immunity. It was kind of a hodgepodge of 1331 concepts and 1491 concepts. But here, what they're suggesting is to imply a provision into Title 28, which is a wholly different matter. There's nothing in the legislative history, which again the statute was passed to apply to the Court of Claims only, to suggest that given all the various changes, including changes in 1502 itself, which was noted, 1502 itself has been transmogrified over the years. There were a number of opportunities for Congress to put a new section 1346A in there that paralleled section 1502. There are many non-parallel limitations on Tucker Act jurisdiction that are in 1491 on the one hand and 1346 on the other. There is a statement in the complaint that we are including claims not sounding in tort. The Court of Claims or district court dealt with that in a prior motion to dismiss by the lack of a specific money mandating statute. That's why the issue is not being presented here, but it was alleged at the outset, Your Honor. Please do not let the canard of contract versus treaty lead you to the wrong result and do not invent a provision of Title 28 which doesn't exist. Thank you.